**EAST LAMPETER TOWNSHIP,**
**Appellant,**

v.

**COUNTY OF LANCASTER, Lancaster**
**County Human Relations Commission**
**and Albert C. Hondares.**

Commonwealth Court of Pennsylvania.

Argued June 2, 1997.

Decided June 30, 1997.

Elizabeth A. Hambrick–Stowe, Lancaster, for appellant.

Christina L. Hausner, Lancaster, for appellees.

Before DOYLE and LEADBETTER, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

In this case, the trial court was presented with a conflict concerning the legislative intent underlying two important State Acts, the Pennsylvania Municipalities Planning Code (MPC)[1] and the Pennsylvania Human Relations Act (Human Relations Act),[2] and the interaction and jurisdiction of two influential local agencies, a county human relations commission and a township.[3] We must determine whether the trial court erred in determining that the township's attempt to invoke equity and the Declaratory Judgments Act (DJA)[4] was inappropriate where it alleged that the county human relations commission had no jurisdiction to consider a complaint alleging national-origin discrimination in the denial of a petition to rezone a tract of property.

East Lampeter Township (Township) appeals from the January 17, 1997 order of the Court of Common Pleas of Lancaster County (trial court) granting the preliminary objections of the County of Lancaster, Lancaster County Human Relations Commission (LCHRC) and Albert C. Hondares (collectively "Appellees") to the Township's complaint in equity and petition for injunctive relief and declaratory judgment. We reverse.

## BACKGROUND

In 1986, Mr. and Mrs. Hondares acquired by one deed two tracts of land in the Township. At that time, both tracts were zoned commercial. In 1990, the Township adopted a Revised Zoning Ordinance that changed the zoning of the Hondares' rear tract to rural but maintained the front tract as commercial. In 1992, the Hondares petitioned the Township Board of Supervisors to have the zoning of the rear tract changed from rural to commercial. The Board of Supervisors denied the petition to rezone and the Hondares did not appeal from that denial.

On June 9, 1993, Mr. Hondares filed a complaint with the LCHRC at docket No. 90–1993 alleging that the Township violated Lancaster County's Ordinance No. 30 by denying the 1992 petition to rezone a tract of land based on his national origin.[5] (R.R. 51–54a.) Specifically, he alleged that the Township's denial of the petition constituted unfair zoning and discrimination in the area of housing/public accommodation based on national origin.

The County established the LCHRC via Ordinance No. 30 and thereunder, the Board of Commissioners declared unlawful certain employment, housing, educational, public accommodation and real estate practices. (R.R. 13–42a.) Specifically at issue in this case is Section 4.9(b)(2) of the LCHRC's Regulations, which provides as follows:

(b) Activity by such governmental unit of the County of Lancaster which is prohibited when based upon a ... person's protected class includes:

. . . .

(2) ... [C]onsideration of the protected class of a person in the development or application of zoning or building codes, occupancy requirements, land use plans, comprehensive plans or long range plans.

(R.R. 43–44a.)

The Township filed a motion to dismiss Hondares' complaint before the LCHRC, contending that the LCHRC had no jurisdiction. The LCHRC denied the Township's motion to dismiss, determining that it was vested with authority to determine the validity of a challenge concerning its jurisdiction in a case. (R.R. 46a.)

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

2. Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §§ 951–962.2.

3. *See* Judge Joseph T. Doyle's April 3, 1997 Order Granting East Lampeter Township's Application for Stay or Injunction Pending Appeal.

4. 42 Pa.C.S. §§ 7531–7541.

5. Mr. Hondares signed the complaint on October 20, 1993. (R.R. 54a.)

On October 22, 1996, the Township filed with the trial court its complaint in equity and petition for injunctive relief and for declaratory judgment, the gravamen of which is that the LCHRC has no jurisdiction to determine Hondares' complaint before the LCHRC. (R.R. 3a–11a.) Specifically, the Township in its complaint: (1) challenges the validity of Ordinance No. 30 and Section 4.9 of LCHRC's Rules and Regulations; (2) seeks declaratory relief that the LCHRC Regulations are invalid as applied to actions rendered under the MPC, that Section 4.9 exceeds the authority delegated to the LCHRC by the County and that the proceedings docketed at LCHRC No. 90–1933 are void; and (3) seeks injunctive relief prohibiting the LCHRC from proceeding under the authority of Ordinance No. 30 and Section 4.9 with respect to Hondares' complaint before the LCHRC.

In separate pleadings, Hondares and the County filed preliminary objections to the Township's complaint. (R.R. 55–56a, 60–61a.) Both alleged that the trial court lacked jurisdiction because the LCHRC had not yet issued a final order, that the complaint before the trial court was barred due to the pendency of the complaint before the LCHRC and that the Township failed to state a cause of action in that the relief sought was an attempted and improper appeal of the LCHRC's October 3, 1996 order denying the Township's motion to dismiss Hondares' LCHRC complaint.

On January 17, 1997, the trial court granted Appellees' preliminary objections without stating any reasons. (R.R. 63a.) On March 7, 1997, the trial court denied the Township's application for stay or injunction pending appeal and set forth its reasons in an accompanying opinion.

On January 31, 1997, the Township appealed to the Commonwealth Court. On April 3, 1997, Judge Doyle granted the Township's application for stay or injunction pending appeal. In addition, he directed that this appeal be given expedited consideration and be placed on the June argument list.

## ISSUE

The issue before us is whether the trial court erred in granting Appellees' preliminary objections to the Township's complaint in equity and petition for injunctive relief and declaratory judgment. When reviewing a trial court's order granting preliminary objections, our scope of review is limited to determining whether that court committed an error of law or abused its discretion. *Peerless Publications, Inc. v. County of Montgomery,* 656 A.2d 547 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 542 Pa. 680, 668 A.2d 1141 (1995). Additionally, we note that

[i]n order for a court to sustain preliminary objections, it must appear with certainty that the law will not permit recovery and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain them.... Preliminary objections admit as true all facts which are well pleaded as well as all inferences which are reasonably deducible therefrom.... Factual inquiries are improper on preliminary objections....

*Id.* at 550 (citations omitted).

## DISCUSSION

This case turns on the applicability of the DJA. The pertinent section provides as follows:

(a) **General rule.**—This subchapter [the DJA] is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered.

(b) **Effect of alternative remedy.**—The General Assembly finds and determines that the principle rendering declaratory relief unavailable in circumstances where an action at law or in equity or a special statutory remedy is available has unreasonably limited the availability of declaratory relief and such principle is hereby abolished. The availability of declaratory relief shall not be limited by the provisions of 1 Pa.C.S. § 1504 (relating to statutory remedy preferred over common law) and

the remedy provided by this subchapter shall be additional and cumulative to all other available remedies except as provided in subsection (c)....

(c) **Exceptions.**—Relief shall not be available under this subchapter with respect to any:

. . . .

(2) Proceeding within the exclusive jurisdiction of a tribunal other than a court.

42 Pa.C.S. § 7541(a)(b) and (c)(2).

In its March 7, 1997 opinion denying the Township's application for a preliminary injunction, the trial court stated that it granted Appellees' preliminary objections because the above-quoted exception (c)(2) applied and that, therefore, the DJA

> precludes relief in that the [LCHRC] is a tribunal with exclusive jurisdiction to determine challenges raised to its jurisdiction: *Mercy Hospital of Pittsburgh v. Pennsylvania Human Relations Commission*, 499 Pa. 132, 451 A.2d 1357 (1982). The Court believed that the [DJA] should not be used as a vehicle for collaterally attacking a decision of an administrative tribunal.

(Trial Court's March 7, 1997 Opinion at 2.)

█ We disagree with the trial court's analysis of the DJA and, instead, conclude that it should have allowed the Township to proceed with its complaint pursuant to the DJA. *Mercy Hospital*, relied upon by the trial court, is distinguishable.

In that case, a doctor filed a complaint with the Human Relations Commission alleging that Mercy denied him staff privileges because of his race and national origin. Mercy subsequently filed a petition for review with our Court, seeking preliminary and permanent injunctive relief, or in the alternative, the issuance of a writ of prohibition against the Commission restraining it from investigating or otherwise proceeding on the doctor's complaint. The Commission filed preliminary objections to the petition for review, challenging this Court's exercise of jurisdiction prior to the exhaustion of administrative

remedies under the Human Relations Act. The Supreme Court held that equitable intervention in proceedings before the Commission was not warranted as the Commission had authority to consider and decide whether it had jurisdiction.

The case before us is analogous to *P.J.S. v. Pennsylvania State Ethics Commission*, 669 A.2d 1105 (Pa.Cmwlth.1996). In *P.J.S.*, the State Ethics Commission commenced its investigation of a complaint against attorney-petitioner alleging that he violated Section 3(a) of the State Ethics Act.[6] Petitioner then filed a petition to dismiss and/or stay the proceedings with the Commission, arguing that its actions constituted an unconstitutional legislative intrusion into the Supreme Court's exclusive authority to regulate the professional and ethical conduct of attorneys who practice before courts of this Commonwealth.

After the Commission denied petitioner's petition to dismiss and/or stay the proceedings, petitioner filed a petition for review in this Court's original jurisdiction seeking declaratory judgment to resolve the question of whether the Commission had jurisdiction and whether his constitutional rights were violated by application of the State Ethics Act. The Commission filed preliminary objections, alleging that the DJA was inapplicable because the Commission's investigation was a proceeding within the exclusive jurisdiction of a tribunal other than a court. 42 Pa.C.S. § 7541(c)(2).

This Court held that the DJA was properly invoked where challenges, particularly constitutional ones, were set forth questioning the validity of a statute itself or questioning the scope of a governmental body's action pursuant to statutory authority. Specifically, we noted that the issues of whether the Commission had jurisdiction over petitioner and whether the Commission's exercise of authority was constitutional went right to the heart of the Commission's power. *Id.* at 1109. In addition, we stated that the existence of an alternative remedy should not be a ground for refusal to proceed.

---

**6.** Act of October 4, 1978, P.L. 883, *as amended,* 65 P.S. § 403(a).

Similarly, in the case at bar, the Township has challenged the validity of Ordinance No. 30, questioned the scope of the LCHRC's actions pursuant to statutory authority, alleged that the MPC provides the exclusive remedy for appeals pertaining to zoning matters and asserted that the MPC preempts all other avenues of review with the respect to the adoption of zoning ordinances and all actions taken under the MPC. Thus, we conclude that the trial court erred in determining that it had no jurisdiction over the Township's complaint.[7]

## CONCLUSION

Accordingly, as it certainly is not clear and free from doubt that the law will not sustain the Township's claim for declaratory relief, we conclude that the trial court erred in granting Appellees' preliminary objections. Thus, we reverse the order of the trial court granting Appellees' preliminary objections to the Township's complaint.

## ORDER

AND NOW, this 30th day of JUNE, 1997, the order of the Court of Common Pleas of Lancaster County dated January 17, 1997, is hereby reversed.

---

**7.** As the trial court based its decision on jurisdiction, we decline to address the demurrer.