**PITTSBURGH BOARD OF PUBLIC EDUCATION, Petitioner,**

**v.**

**PENNSYLVANIA HUMAN RELATIONS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 2003.

Decided April 2, 2003.

Todd P. Prugar, Pittsburgh, for petitioner.

Charles E. Couch, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Before this court are the preliminary objections filed by the Pennsylvania Human Relations Commission (PHRC), in response to a petition for review in the nature of a complaint in equity (Petition) filed by the Pittsburgh Board of Public Education (Board), seeking the issuance of

an injunction against the PHRC restraining further administrative proceedings in nine discrimination complaints (nine complaints) filed with the PHRC. For the reasons that follow, the preliminary objections filed by the PHRC are sustained.

On January 30 and 31, 2002, nine complaints were filed with the PHRC. The nine complaints, which contain identical allegations, maintain that the Board, in violation of the Pennsylvania Human Relations Act (Act), Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §§ 951–963, unlawfully discriminated against the named individuals on the basis of their African–American race by intentionally formulating policies that favor Caucasian students. Specifically, the complaints challenge the budget adopted by the Board and the Board's decision regarding the opening and closing of eight schools.

On April 25, 2002, the Board filed motions to dismiss the complaints and briefs in support thereof. The Board argued that the PHRC lacked jurisdiction to rule on the merits of the claims. The PHRC filed a response to the motion to dismiss and a brief in support thereof. The Board also filed a motion to strike to which the PHRC filed a response. On September 23, 2002, the PHRC issued an interlocutory order which denied the Board's motion to dismiss and its motion to strike.

On November 27, 2002, the Board filed a Petition in this court. The Petition alleges that the power and authority concerning the opening and closing of schools and the authority concerning budgetary matters of the School District have been delegated by the General Assembly to the Board. As such, the Board maintains that the PHRC has no jurisdiction or authority to force or require the Board to amend, repeal or re-enact its budgetary ordinances. The Petition requests this court to: (1) declare that the PHRC has no jurisdiction or authority

over the subject matter of the nine complaints; (2) enjoin the PHRC from scheduling or conducting hearings on the nine complaints; (3) require the PHRC to dismiss the nine complaints and (4) grant such other relief as the court deems appropriate.

The PHRC has filed preliminary objections to the Board's Petition. The preliminary objections maintain that the Petition filed by the Board to this court is in actuality an appeal of the interlocutory order issued by the PHRC. The issues that were raised in the Board's motion to dismiss, and denied in the PHRC's interlocutory order, are identical to the issues that the Board now raises in its Petition to this court. Review of interlocutory orders are not within this court's original jurisdiction and the Board never requested permission to appeal the interlocutory order.

 When ruling on preliminary objections, this court must accept as true all well pled allegations of material fact and all reasonable inferences deducible therefrom. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Independent Oil and Gas Association of Pennsylvania v. Pennsylvania Public Utility Commission,* 804 A.2d 693 (Pa.Cmwlth.2002).

The issue that must be decided is whether the Petition is an appeal of an interlocutory order or a Petition which may be maintained in this court's original jurisdiction.

PHRC argues that the Petition filed by the Board to this court alleges that the Board informed the PHRC that it lacks jurisdiction over the nine complaints, requested the PHRC to dismiss the complaints and the PHRC refused to dismiss the complaints. PHRC emphasizes, how-

ever, that the means by which the Board informed the PHRC of its purported lack of jurisdiction was by means of a motion to dismiss. The issues raised in the motion to dismiss and denied in the PHRC's interlocutory order are identical to the issues the Board raises in its Petition to this court. PHRC maintains that the Board's Petition to this court is an improperly filed request for review of an unappealable interlocutory order.

■ Although 42 Pa.C.S. § 761(a)(1) vests the Commonwealth Court with original jurisdiction over all civil actions or proceedings against the Commonwealth, this statutory grant of original jurisdiction has been narrowly interpreted by the Pennsylvania Supreme Court. *Department of Aging v. Lindberg*, 503 Pa. 423, 469 A.2d 1012 (1983). In matters involving administrative agencies, this court's original jurisdiction is limited to those actions not within its appellate jurisdiction. *Id.* The provision in 42 Pa.C.S. § 761(a) for original jurisdiction in this court evidences the legislature's intent to confer upon this court jurisdiction over an entire action or proceeding which is commenced in this court. *Department of Transportation v. Joseph Bucheit & Sons Co.*, 506 Pa. 1, 483 A.2d 848 (1984). This case is not within this court's original jurisdiction because it was commenced by the filing of nine complaints with the PHRC and will ultimately be subject to this court's appellate review.

■ Additionally, this court lacks appellate jurisdiction to review the PHRC's interlocutory order because this court's appellate jurisdiction over Commonwealth agencies is limited to review of final orders pursuant to 42 Pa.C.S. § 763(a). A final order is one that ends litigation, puts litigants out of court, or precludes a party from presenting the merits of his claim. Pa. R.A. P. 341. The PHRC's interlocutory order is not final as it permits the litigation to continue.

■ Moreover, although in some instances an interlocutory order may be appealable as of right or by permission, neither is applicable in this case. Appeals as of right from orders sustaining jurisdiction apply only to orders addressing personal, not subject matter jurisdiction. *H.R. and R.R. v. Department of Public Welfare*, 676 A.2d 755 (Pa.Cmwlth.1996). This court has held that administrative agency interlocutory orders are not appealable as of right under Pa. R.A.P. 311. *Columbia Gas of Pennsylvania, Inc. v. Pennsylvania Public Utility Commission*, 104 Pa. Cmwlth. 142, 521 A.2d 105 (1987), *petition for allowance of appeal denied*, 517 Pa. 628, 538 A.2d 880 (1988).

■ Nor can an appeal be taken by permission in this case. Appeal of interlocutory administrative agency orders is by permission under Pa. R.A.P. 1311. The Board was required to file an application with the PHRC for an amendment of the interlocutory order which it failed to do. Because such an application was a condition precedent to allowing an interlocutory appeal, having failed to comply, an appeal by permission is not permitted. *Butler Education Association v. Butler Area School District*, 34 Pa.Cmwlth. 143, 382 A.2d 1283 (1978).

■ PHRC maintains that the Board has failed to exhaust its administrative remedies. Most significantly, where the issue of jurisdiction has been raised before the PHRC, the Pennsylvania Supreme Court has determined that the PHRC is vested by the Pennsylvania legislature with the authority to decide challenges to its jurisdiction. The issue of jurisdiction is to be resolved initially by the PHRC during the investigation authorized under the Pennsylvania Human Re-

lations Act. *Pennsylvania Human Relations Commission v. Lansdowne Swim Club*, 515 Pa. 1, 526 A.2d 758 (1987). "In instances where it is unclear whether a particular agency possesses the jurisdiction to consider a claim before it, the courts of the Commonwealth have repeatedly refrained from interfering with the due course of administrative action, allowing the agency to determine the extent of its jurisdiction in the first instance." *Cornerstone Family Services, Inc. v. Bureau of Professional and Occupational Affairs*, 802 A.2d 37, 40 (Pa. Cmwlth.2002) (citation omitted).

Board responds that its Petition does not seek review of the PHRC's interlocutory order. The Petition does not ask this court to vacate, reverse, remand or otherwise alter the PHRC's order. Rather, the Petition is an action in this court's original jurisdiction that seeks declaratory, injunctive and similar relief.

Board maintains that by filing the Petition, it has followed the same procedure set forth in *East Lampeter Township v. County of Lancaster*, 696 A.2d 884 (Pa. Cmwlth.1997). In *East Lampeter*, Hondares, a landowner, filed a complaint with the Lancaster County Human Relations Commission (LCHRC) contending that the Township's refusal to rezone his property was discriminatory. The Township filed a motion with the LCHRC seeking to have the LCHRC dismiss the complaint for lack of jurisdiction. The LCHRC denied the motion and before any hearings were conducted by the LCHRC, the Township filed a complaint in the trial court seeking declaratory and injunctive relief.[1]

The LCHRC and Hondares filed preliminary objections to the Township's complaint. As the PHRC does here, the LCHRC argued that the LCHRC's order was not a final order and that the Township was attempting an improper appeal of the LCHRC's order denying the motion to dismiss. The trial court sustained the preliminary objections and the Township appealed.

This court reversed the decision of the trial court. This court held that the Township's complaint was a challenge to the scope of the LCHRC's authority and jurisdiction, and that the Declaratory Judgments Act is properly invoked where challenges, particularly constitutional ones, are set forth questioning the validity of the statute itself or questioning the scope of a governmental body's action pursuant to statutory authority. The complaint was not an appeal, but an action in the trial court's original jurisdiction and therefore the trial court erred in sustaining the preliminary objections.

Here, the Board maintains that it followed the same procedure as the Township did in *East Lampeter*. Specifically, the Board filed a motion to dismiss with the PHRC asserting that it did not have jurisdiction over the nine complaints. When the PHRC denied the motion, the Board, as did the Township in *East Lampeter*, filed an action in court seeking declaratory and injunctive relief. As in *East Lampeter*, the Board's petition in this case is not an appeal but an action in this court's original jurisdiction.

We observe, however, that *East Lampeter* differs from the present case. Specifically, in *East Lampeter*, the Township questioned the validity of Ordinance No. 30 adopted by Lancaster County establishing the LCHRC which then declared unlawful certain employment, housing, educational and real estate practices. In its complaint in equity and petition for injunc-

---

1. Because the Township's complaint was against a county agency and not a state agen-

cy, the complaint was filed in the court of common pleas.

tive and declaratory judgment to the trial court, the Township specifically challenged the validity of Ordinance No. 30 and the LCHRC's rules and regulations. Preliminary objections filed by Hondares and the County in response to Township's complaint alleged that the trial court lacked jurisdiction because the LCHRC had not issued a final order and that the complaint was barred due to the pendency of the complaint pending before the LCHRC. The trial court in granting the preliminary objections determining that the Declaratory Judgment Act precluded relief in that the LCHRC was a tribunal with exclusive jurisdiction to determine challenges raised to its jurisdiction.

On appeal this court reversed reasoning that the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, is properly invoked where challenges, particularly constitutional ones, were set forth questioning the validity of a statute itself or questioning the governmental body's action pursuant to statutory authority. Because the Township challenged the validity of Ordinance No. 30 and the LCHRC's actions pursuant to such authority and further alleged that the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11201, was the exclusive remedy for appeals pertaining to zoning matters, this court concluded that the trial court erred in determining that it had no jurisdiction over the Township's complaint.

In this case although Board challenges PHRC's authority to decide the complaints before it, in contrast to *East Lampeter* where the Township questioned the validity of the Ordinance establishing the LCHRC, no such constitutional question has been raised here. Again, although Board maintains that PHRC does not have jurisdiction, resolution of such a question is to be initially resolved by the PHRC. *Landsdowne Swim Club.* Here, PHRC has

determined that it does have jurisdiction and inherent in the PHRC's authority is the power is to investigate complaints involving alleged discriminatory conduct, hold hearings, and subpoena documents and witnesses in order to determine whether unlawful discrimination has occurred. *McGraw–Edison Company v. Pennsylvania Human Relations Commission*, 108 Pa.Cmwlth. 147, 529 A.2d 81 (1987). If the PHRC determines that violations of the Act have occurred, an adequate remedy at law exists to the Board in appellate review. *Id.*

Accordingly, for the reasons set forth above, we sustain the preliminary objections filed by the PHRC and the Petition filed by the Board is dismissed.

### ORDER

Now, April 2, 2003, the preliminary objections filed by the Pennsylvania Human Relations Commission are sustained and the petition for review in the nature of a complaint in equity filed by the Pittsburgh Board of Public Education is dismissed.