# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alderwoods (Pennsylvania), Inc., :
a wholly owned subsidiary of Service :
Corporation International, t/a Burton :
L. Hirsch Funeral Home, :
          Petitioner :
           :
          v. : No. 693 M.D. 2016
           : SUBMITTED: March 10, 2017
Pennsylvania Public Utility :
Commission, The Honorable Gladys :
M. Brown, Chairman, The Honorable :
Andrew G. Place, Vice Chairman, :
The Honorable John F. Coleman, Jr., :
Commissioner, The Honorable Robert :
F. Powelson, Commissioner, The :
Honorable David W. Sweet, :
Commissioner, and Duquesne Light :
Company, :
          Respondents :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE HEARTHWAY           FILED: May 10, 2017

       Alderwoods (Pennsylvania), Inc., a wholly owned subsidiary of Service Corporation International, t/a Burton L. Hirsch Funeral Home (Alderwoods), filed a petition for review in this Court's original jurisdiction, alleging that the Public Utility Commission (PUC) is without jurisdiction to

adjudicate a claim for damages even if such claim is limited to only an assessment of liability. Alderwoods requested this Court issue an order: 1) declaring that the PUC lacks jurisdiction to adjudicate any part of Alderwoods' claims against Duquesne Light Company (Duquesne Light) for liability and/or damages; 2) prohibiting the PUC from exercising jurisdiction over any part of Alderwoods' claims against Duquesne Light; and 3) remanding Alderwoods' case to the Court of Common Pleas of Allegheny County (trial court).

Thereafter, Alderwoods applied for summary relief in this Court's original jurisdiction seeking an order declaring that the PUC is without jurisdiction to hear Alderwoods' tort claim for damages against Duquesne Light, barring the PUC from adjudicating its dispute with Duquesne Light, and remanding the case to the trial court for a hearing. Duquesne Light and the PUC (collectively, Respondents) filed preliminary objections to Alderwoods' initial petition for review in this Court's original jurisdiction. The PUC's preliminary objections state that Alderwoods' petition for review should be dismissed: (1) for lack of subject matter jurisdiction; (2) for failure to exhaust its remedies at law; (3) as legally insufficient pursuant to the "Law of the Case" doctrine; (4) as seeking an advisory opinion that is not authorized under the Declaratory Judgments Act, 42 Pa. C.S. §§ 7531 - 7541; and (5) because Alderwoods has a complete and effective remedy by appeal. We grant the PUC's preliminary objections and dismiss Alderwoods' petition for review in this Court's original jurisdiction.[1]

---

[1] Due to our determination, we need not address Duquesne Light's preliminary objections or Alderwoods' application for summary relief.

The facts of the case are as follows. On January 9, 2009, a motor vehicle hit and knocked over a utility pole behind the Burton L. Hirsch Funeral Home (funeral home) on Forward Avenue in Pittsburgh. The funeral home was the only building connected by electrical wiring to the downed utility pole. Due to the accident, high voltage lines came in contact with low voltage lines, sending a surge of high voltage into the funeral home's electric panel box and damaging the funeral home's circuit breakers.

Duquesne Light did not inspect the funeral home's equipment or warn the funeral home that it needed to have the equipment inspected and certified by a third party before the power was restored. Several hours after the accident, Duquesne Light restored electrical power to the funeral home. Thereafter, the electrical current heated the funeral home's electric panel box and ignited the box's wood backing. The fire destroyed the funeral home and everything inside.

Alderwoods filed a complaint against Duquesne Light with the trial court. Duquesne Light filed a motion for summary judgment, asserting that it was under no duty in tort to Alderwoods when it restored electrical power to the funeral home. The trial court granted the motion for summary judgment and Alderwoods appealed to the Superior Court. The Superior Court reversed the trial court and Duquesne Light appealed to the Supreme Court. The Supreme Court granted Duquesne Light's petition for allowance of appeal and, on December 15, 2014, the Supreme Court affirmed, stating that:

> the Superior Court did not err to the extent that it recognized a duty, on the part of an electric service provider, to take reasonable measures to avert harm in a

3

scenario in which the utility has actual or constructive knowledge of a dangerous condition impacting a customer's electrical system, occasioned by fallen and intermixed electrical lines proximate to the customer's premises. Furthermore, we offer no opinion as to whether Duquesne Light had actual or constructive knowledge of an unreasonable risk in the present scenario….

*Alderwoods (Pennsylvania), Inc. v. Duquesne Light Company*, 106 A.3d 27, 42 (Pa. 2014).

Upon remand to the trial court, Alderwoods filed its second amended complaint and Duquesne Light requested the trial court bifurcate the claim under the doctrine of primary jurisdiction and transfer Alderwoods' claim to the PUC for a liability-only adjudication, contending that Alderwoods' claim required the PUC's expertise. Alderwoods objected, stating that the PUC does not have jurisdiction over its claim for damages even if the PUC's adjudication is limited to only an assessment of liability. The trial court granted Duquesne Light's motion to bifurcate and denied Alderwoods' motion for reconsideration/certification of an interlocutory appeal.

On January 7, 2016, Alderwoods filed its complaint with the PUC. On January 8, 2016, Alderwoods filed preliminary objections to the complaint for lack of jurisdiction. On April 5, 2016, the PUC's Administrative Law Judge (ALJ) overruled Alderwoods' preliminary objections to the PUC's jurisdiction. On April 22, 2016, Alderwoods petitioned the PUC for interlocutory review. On September 15, 2016, the PUC, with one Commissioner dissenting, denied Alderwoods' petition. On October 13, 2016, Alderwoods requested the PUC amend its opinion

4

and order to certify an interlocutory appeal of the jurisdictional issue to this Court. The PUC did not act on this motion within 30 days; thus, it was deemed denied. On December 8, 2016, Alderwoods petitioned this Court for review, seeking leave to file an interlocutory appeal of the PUC's refusal to certify an interlocutory appeal. This petition was denied by order of this Court dated December 29, 2016.

On December 13, 2016, Alderwoods filed the instant petition for review in this Court's original jurisdiction.[2] On December 30, 2016, Alderwoods filed the application for summary relief. In January 2017, Respondents filed preliminary objections to Alderwoods' petition for review. Alderwoods' application for summary relief and Respondents' preliminary objections to Alderwoods' petition for review are now before this Court for disposition.

When ruling on preliminary objections, this Court must accept all well-pled allegations of material fact and all reasonable inferences therefrom as true. *Pittsburgh Board of Public Education v. Pennsylvania Human Relations Commission*, 820 A.2d 838, 840 (Pa. Cmwlth. 2003). We will grant preliminary objections only when we are certain that the law will not permit recovery and we

---

[2] On December 16, 2016, Alderwoods requested the ALJ stay the underlying case until this Court resolved all of the issues presently before it. On March 7, 2017, the ALJ denied Alderwoods' request. On March 10, 2017, Alderwoods filed an application for stay of the action pursuant to Pa. R.A.P. 1781 before the PUC. Respondents filed preliminary objections, arguing that Pa. R.A.P. 1781 does not apply in original jurisdiction matters. On March 20, 2017, the ALJ scheduled a prehearing conference for May 10, 2017. On March 28, 2017, this Court granted the PUC's preliminary objections and dismissed Alderwoods' application for stay without prejudice to file a request for a preliminary injunction. On March 31, 2017, Alderwoods filed an application for special relief in the nature of a preliminary injunction of proceedings before the PUC. Based on the following opinion, we dismiss this application as moot.

5

will resolve any doubt by refusing to sustain them. *Id.* "In matters involving administrative agencies, this Court's original jurisdiction is limited to those actions not within its appellate jurisdiction." *Id.* at 841.

The trial court has original jurisdiction to entertain an action for damages against Duquesne based on Duquesne's failure to provide adequate service. *Poorbaugh v. Pennsylvania Public Utility Commission*, 666 A.2d 744, 748 (Pa. Cmwlth. 1995). However, the trial court is authorized to transfer a dispute to the PUC. *Id.* The doctrine of primary jurisdiction creates a workable relationship between the trial court and the PUC wherein the trial court is given the benefit of the PUC's experience and expertise in complex areas of which the trial court is unfamiliar. *Id.* at 749.

Alderwoods relies on *Poorbaugh* to support its assertion that the PUC lacks jurisdiction. In *Poorbaugh*, this Court reviewed the PUC's final order on appeal, reviewed the record, weighed the various considerations with respect to jurisdiction, and determined that Poorbaugh's claims should have been before the trial court, not the PUC. In this case, however, unlike *Poorbaugh*, the matter is still before the PUC. The PUC merely denied Alderwoods' preliminary objections to its jurisdiction; it did not create a record on the merits or issue a final order. Thus, Alderwoods' request for a declaration that the PUC is without jurisdiction to adjudicate the claims in this action is premature. Alderwoods needs to develop a record on the merits before the PUC and exhaust its administrative remedies prior to seeking review in this Court's *appellate* jurisdiction. *See Pittsburgh Board of Public Education*, 820 A.2d at 841-42 (determining that "this [C]ourt's original

6

jurisdiction is limited to those actions not within [our] appellate jurisdiction"; and that if an agency's jurisdiction is unclear, "'the courts… have repeatedly refrained from interfering with the due course of administrative action, allowing the agency to determine the extent of its jurisdiction in the first instance'" (citation omitted)). Thus, this case is not within this Court's original jurisdiction because it was initiated by the filing of complaints with the trial court and the PUC and ultimately will be subject to this Court's appellate review. *See id.* at 841.

Accordingly, we grant the PUC's preliminary objections and dismiss Alderwoods' petition for review in this Court's original jurisdiction. We further dismiss Alderwoods' application for summary and special relief and Duquesne Light's preliminary objections as moot.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alderwoods (Pennsylvania), Inc., :
a wholly owned subsidiary of Service :
Corporation International, t/a Burton :
L. Hirsch Funeral Home, :
              Petitioner :
 :
 :
     v. : No. 693 M.D. 2016
 :
 :
Pennsylvania Public Utility :
Commission, The Honorable Gladys :
M. Brown, Chairman, The Honorable :
Andrew G. Place, Vice Chairman, :
The Honorable John F. Coleman, Jr., :
Commissioner, The Honorable Robert :
F. Powelson, Commissioner, The :
Honorable David W. Sweet, :
Commissioner, and Duquesne Light :
Company, :
             Respondents :

O R D E R

AND NOW, this 10th day of May, 2017, we hereby grant the Pennsylvania Public Utility Commission's preliminary objections and dismiss the petition for review filed by Alderwoods (Pennsylvania), Inc., a wholly owned subsidiary of Service Corporation International, t/a Burton L. Hirsch Funeral Home (Alderwoods). We further dismiss Alderwoods' applications for summary and special relief and Duquesne Light Company's preliminary objections as moot.

_____
JULIA K. HEARTHWAY, Judge