IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1272 C.D. 2021 |
| | : | Argued: November 8, 2023 |
| J.S., Sr. and C.S., Administrators | : | |
| of the Estate of J.S. | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK            FILED:    December 21, 2023

The City of Philadelphia (City) appeals with permission the interlocutory order of the Philadelphia County Court of Common Pleas (trial court)[1]

---

[1] Section 702(b) of the Judicial Code provides, in pertinent part:

> **(b) Interlocutory appeals by permission.--**When a court . . . in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

**(Footnote continued on next page…)**

overruling the City's preliminary objections (POs) to the Complaint filed by J.S. (Prisoner)[2] against the City, John Does 1-20, and Jane Does 1-20 (collectively, Doe Defendants), who were employees of the Philadelphia Department of Prisons. We reverse and remand.

On July 30, 2019, Prisoner was arrested and was ultimately remanded to the Curran-Fromhold Correctional Facility (CFCF) in the City. In his Complaint, Prisoner alleges that the Doe Defendants entered his holding cell at the CFCF and assaulted him by "pushing, punching, kicking, stomping, throwing and/or striking him about the head, body, and face, as well as using a foreign object in an attempt to sodomize [him]." Reproduced Record (R.R.) at 29a. Specifically, Prisoner alleged that "[d]uring said assault, [he] was subjected to indecent contact, to wit, the use of an unknown object that was forced into and used to puncture [his] buttock," that "[t]his action was done for the purpose of arousing or gratifying the sexual desire of one or more persons and without [his] consent, or for the purpose of exercis[ing] perverse domination and control," and that "[t]his action was done for the purpose of humiliating, degrading or harassing [him] because he was a homosexual." *Id.* at

ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa. C.S. §702(b); *see also* Pa.R.A.P. 1311(a)(1) ("An appeal may be taken by permission from an interlocutory order . . . certified under 42 Pa. C.S. §702(b) . . . ."); Pa.R.A.P. 1311(b) ("Permission to appeal from an interlocutory order listed in paragraph (a) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order . . . .").

[2] By November 20, 2023 Order, the Application to Substitute Party Pursuant to Pa.R.A.P. 502(a) (Application to Substitute) filed by J.S., Sr. and C.S., Administrators of the Estate of J.S. (Administrators), was granted; Administrators were substituted as parties for Prisoner; and the caption in this matter was amended to reflect this substitution. Nevertheless, for the sake of clarity, we will refer to Administrators as Prisoner throughout this memorandum opinion.

28a. Prisoner sought damages from the City "pursuant to [Section 8542(b)(9) of the statute commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act)³] . . . insofar as [Prisoner] was sexually assaulted by agents of the [City]

---

³ 42 Pa. C.S. §8542(b)(9).  In general, Section 8541 of the Tort Claims Act provides:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa. C.S. §8541.

However, Section 8542(b)(9) states:

> **(b) Acts which may impose liability.--**The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> * * *
>
> *(9) Sexual abuse.--*Conduct which constitutes an offense enumerated under [S]ection 5551(7) [of the Judicial Code] (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence.

In turn, Section 5551(7) of the Judicial Code provides, in pertinent part:

> A prosecution for the following offenses may be commenced at any time:
>
> * * *
>
> (7) An offense under any of the following provisions of 18 Pa. C.S. (relating to crimes and offenses), or a conspiracy or solicitation to commit an offense under any of the following provisions of 18 Pa. C.S. if the offense results from the conspiracy or solicitation, *if the victim was under 18 years of age at the time of the offense*:

**(Footnote continued on next page…)**

3

working in their official capacities." *Id.* at 32a. Prisoner also asserted claims of battery and civil conspiracy against the Doe Defendants. *See* R.R. at 29a-32a.

On August 3, 2021, the City filed POs to the count in the Complaint asserting a claim against it for sexual assault alleging, *inter alia*, that the sexual abuse waiver in Section 8542(b)(9) of the Tort Claims Act is inapplicable because it is limited to plaintiffs who were minors at the time of the assault. *See* R.R. at 39a, 43a-44a.

On October 6, 2021, the trial court entered an order overruling the City's POs. On October 21, 2021, the trial court modified its order to conform to the requirements of Section 702(b) of the Judicial Code, permitting the filing of an appeal from an interlocutory order. *See* R.R. at 18a-19a.[4]

On November 19, 2021, the City filed the instant petition for permission to appeal the trial court's order in this Court. On January 19, 2022, we issued an Order granting the City's petition for permission to appeal the trial court's order. Specifically, our Order granted consideration of the following issue:

* * *

Section 3123 (relating to involuntary deviate sexual intercourse).

* * *

Section 3124.2 (relating to institutional sexual assault).

42 Pa. C.S. §5551(7) (emphasis added).

---

[4] In reviewing a trial court's order sustaining or overruling preliminary objections, our "review is limited to determining whether that court committed an error of law or abused its discretion." *East Lampeter Township v. County of Lancaster*, 696 A.2d 884, 886 (Pa. Cmwlth. 1997). To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain them." *Peerless Publications, Inc. v. County of Montgomery*, 656 A.2d 547, 550 (Pa. Cmwlth. 1995).

4

> Where the new sexual assault exception in Section
> 8542(b)(9) of . . . [the Tort Claims Act] . . . incorporates a
> statutory provision that only applies to offenses committed
> against minors, and the victim was an adult at the time of
> the alleged assault, did the trial court err in denying [the
> City's POs] to the [C]omplaint?

Cmwlth. Ct. 1/19/22 Order.

In the Pa.R.A.P. 1925(a) opinion filed in support of its order denying

the City's POs, the trial court explained:

> The interpretation of governmental immunity
> proposed by [Prisoner] does not comport with the laws of
> our Commonwealth. As [the City] notes throughout its
> briefs before the lower court, the legislative history of the
> November 2019 amendments makes clear the new sexual
> assault exception found at Section 8542(b)(9) is "limited
> to victims under the age of eighteen at the time of
> occurrence." Indeed, the lower court is bound to strictly
> construe exceptions to immunity. *Lockwood v. City of
> Pittsburgh Center*, 751 A.2d 1136, 1139 (Pa. 2000). [The
> City] correctly observes the heading of Section 5551(7)
> requires that the "victim [be] under 18 years of age" at the
> time of the offense in order to have no limitation for
> prosecution. Here, the lower court must concur with [the
> City] in requesting the lower court's decision should be
> reversed on appeal. [Prisoner] invites the lower court to
> ignore Section 5551(7)'s heading and incorporate the "list,
> thereby disregarding the purpose of the legislation." It is
> an invitation the trial court must now decline. The General
> Assembly passed Section 8542(b)(9) and specifically
> referenced Section 5551(7); the General Assembly did not
> select at random a list of sexual offenses that waive
> governmental immunity. Instead, a review of the offenses
> from Section 5551(7) indicates the General Assembly's
> intent to protect only minor victims; instead, Section
> 8542(b)(9) could have included the list of offenses at
> Section 5552(b.l),[5] which contains a list of offenses

---

[5] 42 Pa. C.S. §5552(b.1). Section 5552(b.1) of the Judicial Code states, in pertinent part:

**(Footnote continued on next page…)**

5

nearly identical to that of Section 5551(7), but the limitation of time reflected in Section 5552(b.l) applies to victims over the age of eighteen.

In a substantially similar case, the Commonwealth Court examined a complaint wherein an adult plaintiff complained that Department of Corrections staff touched him in a sexual manner and that he was entitled to recovery because it fell within the sexual assault exception provided by Section 8522[(b)(10) of the statute commonly referred to as the Sovereign Immunity Act.[6]] In the newly-established 2019 sovereign immunity provisions under Section 8522, actions are permitted for conduct

---

**(b.1) Major sexual offenses--***Except as provided in* [*S*]*ection 5551(7)* (relating to no limitation applicable), a prosecution for any of the following offenses under Title 18 must be commenced within 12 years after it is committed:

* * *

Section 3123 (relating to involuntary deviate sexual intercourse).

* * *

Section 3124.2 (relating to institutional sexual assault).

(Emphasis added.)

[6] 42 Pa. C.S. §8522(b)(10). Section 8522(b)(10) waives sovereign immunity for claims based on the sexual assault of minors stating, in relevant part:

**(b) Acts which may impose liability.--**The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

* * *

**(10) Sexual abuse.--**Conduct which constitutes an offense enumerated under [S]ection 5551(7) (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the Commonwealth party which constitute negligence.

6

"constituting certain criminal offenses against persons under the age of 18, 'if the injuries to the plaintiff were caused by actions or omissions of the Commonwealth party which constitutes negligence.'" *Caldwell v. Pennsylvania Dep*[*artmen*]*t of Corrections* [(Pa. Cmwlth., 365 C.D. 2020, filed March 31, 2021), *appeal denied*, 271 A.3d 1284 (Pa. 2022)]. Indeed, the Commonwealth Court found the adult victim's allegations of sexual assault were not applicable under Section 8522(b)(10) because the plaintiff was "not a minor." *See Caldwell*, [slip op. at] 12. Therefore, a previous panel of the Commonwealth Court expressly found that Section 8522 did not apply to plaintiffs over the age of eighteen. Here, the lower court foresees no reason the Commonwealth Court will now depart from precedent; albeit with the distinction that the *Caldwell* Court addressed the application of the sexual assault waiver and sovereign immunity.

R.R. at 7a-8a (emphasis added and citations to record and footnote omitted).

As a result, the trial court concluded that it "erred when it overruled [the City's POs]" because "[t]he waiver of governmental immunity for sexual assaults, as referenced in Section 8542(b)(9), should apply only to victims below the age of eighteen." R.R. at 9a. Accordingly, the trial court "respectfully requests" that its order overruling the City's POs "be reversed on appeal" by this Court *Id.*

Initially, as the Pennsylvania Supreme Court has explained:

As this issue involves the interpretation of a statute, we necessarily begin our analysis by considering the Statutory Construction Act [of 1972 (Statutory Construction Act), 1 Pa. C.S. §§1501-1991]. The objective of all interpretation and construction of statutes is to determine and effectuate the intention of the legislature. *Id.* [] §1921(a). The best indication of the General Assembly's intent is the plain language of the statute. When the words of a statute are clear and unambiguous, we may not look beyond the plain meaning of the statute "under the pretext of pursuing its spirit." 1 Pa. C.S. §1921(b). Consequently, only when the words of a statute are ambiguous should a court seek to ascertain the

7

> intent of the General Assembly through consideration of the various factors found in Section 1921[(c)] of the Statutory Construction Act. 1 Pa. C.S. §1921(c) (setting forth various considerations to be employed to discern the intent of the legislature). Finally, in interpreting the [Tort Claims Act], exceptions to governmental immunity must be narrowly construed.

*Brewington v. City of Philadelphia*, 199 A.3d 348, 354-55 (Pa. 2018) (citations omitted).

As outlined above, the trial court correctly concluded that its order overruling the POs should be reversed with respect to the sexual assault claim against the City because Prisoner was not a minor at the time of the alleged assault. By its plain terms, Section 8542(b)(9) of the Tort Claims Act specifically incorporates the provisions of Section 5551(7) of the Judicial Code and, by its plain terms, Section 5551(7) is specifically limited to crimes involving a "victim [who] was under eighteen years of age at the time of the offense." *Caldwell* is persuasive authority as an unreported panel decision of this Court,[7] and no convincing reason has been advanced to distinguish its application to the City's immunity in this case. *See id.*; *see also Finn v. City of Philadelphia*, 664 A.2d 1342, 1344 (Pa. 1995) ("Moreover, this [C]ourt has held that the two statutes dealing with governmental and sovereign immunities, *viz.*, the [Tort Claims Act] and the Sovereign Immunity Act, are to be interpreted consistently, as they deal with indistinguishable subject matter.") (citations omitted); *Jean v. City of Philadelphia*, 604 F. Supp. 3d 271, 275 (E.D. Pa. 2022) ("[The p]laintiff's proposed interpretation of the sexual abuse exception is not a plain reading of the statute. The age qualifier that [the p]laintiff attempts to omit from [S]ection 5551(7) is essential to what constitutes an 'offense'

---

[7] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

8

under that section.").[8] As a result, as requested, the trial court's order in this matter will be reversed, and the case will be remanded to that court to sustain the City's POs and to dismiss the count in the Complaint against the City pursuant to the provisions of the Tort Claims Act.[9]

Accordingly, the trial court's order is reversed, and the matter is remanded to the trial court for proceedings consistent with the foregoing memorandum opinion.

MICHAEL H. WOJCIK, Judge

---

[8] As our Supreme Court has observed:

> The Commonwealth Court was not incorrect in observing that the pronouncements of the lower federal courts have only persuasive, not binding, effect on the courts of this Commonwealth-although we certainly are bound by the decisions of the U.S. Supreme Court on questions of federal law. We are not constrained to accept the reasoning of the lower federal courts merely because those courts addressed an issue before a Pennsylvania state court had an opportunity to do so.

*In re Stevenson*, 40 A.3d 1212, 1221 (Pa. 2012) (citation omitted).

[9] Based on our disposition, we are not addressing any claim that the sexual abuse was an intentional tort that was committed outside the scope of the Doe Defendants' employment duties.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia,       :
                               :
             Appellant   :
                               :
         v.              :  No. 1272 C.D. 2021
                               :
J.S., Sr. and C.S., Administrators    :
of the Estate of J.S.          :

# **O R D E R**

AND NOW, this 21st day of December, 2023, the order of the Philadelphia County Court of Common Pleas (trial court) dated October 21, 2021, is REVERSED, and the matter is REMANDED to the trial court for proceedings consistent with the attached memorandum opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge