Sommers et al. *v.* Hessler, et al., Appellants.

Argued November 16, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Gretchen Sohn Reed,* with her *John D. McBride, Oran W. Panner,* and *Panner, Holland and Autenreith,* for appellants.

*Robert C. Reed, Andrew J. Banyas, III, Theodore M. Tracy,* and *George A. Baldwin, Jr.,* with them *A. G. Helbling,* for appellees.

OPINION BY HOFFMAN, J., April 3, 1974:

In this appeal, we must determine the duty of a school bus company with respect to a minor passenger who is injured by the tortious acts of other passengers.

In the original action, the plaintiff-appellees sued the owner of the bus company for negligently permitting a "spit ball" battle to be waged by minor passengers on its bus, which resulted in the accidental injury to the right eye of the minor plaintiff, which ultimately caused the loss of sight in that eye. The defendant thereafter joined Richard Kasparek, one of the participants in the fight, as additional defendant. Kasparek in turn joined five other boys and the bus driver as additional defendants. After a trial which lasted two weeks before the Honorable H. Beryl KLEIN of the Common Pleas Court of Beaver County, the jury returned a verdict in favor of the plaintiffs against the defendant Hessler and the bus driver in the amount of $50,000 for the minor and $3,000 to the parents. The jury further found in favor of the student additional defendants. Post-trial motions were argued and denied, and this appeal followed.

The appellants challenge various aspects of the trial. First, they argue that the trial court erroneously charged the jury on the duty owed by a contractual carrier to passengers riding on its vehicle. While the

cases in this Commonwealth on the subject are few, they clearly hold a carrier to the highest degree of care, irrespective of whether it is a common or a contractual carrier. In *Vogel v. Stupi,* 357 Pa. 253, 53 A. 2d 542 (1947), a six-year old boy was alighting from a school bus when he was struck by an automobile. Minor plaintiff by his parents sued both the driver of the automobile and the bus company. A jury found against both defendants. The bus company alone appealed the jury's verdict. After reviewing the duty of a *common* carrier to a passenger, our Supreme Court affirmed, saying: "The company by contract accepted a grave responsibility to carry children to and from school, and in discharge of this duty it was bound to exercise the highest practical degree of care." 357 Pa. at 259. See also, *Turner v. Yourga,* 15 Pa. D. & C. 2d 762 (1958). There was, thus, no error in the charge to the jury on the degree of care owed by the bus company to the minor plaintiff.

The remaining contentions involve the disposition of the jury with regard to the student additional defendants. Appellants argue that the court erred in refusing to charge the jury that the acts of the additional defendants constituted assault and battery. The facts of the case disclose that the incident was not dissimilar from the usual childhood "pranks". The testimony revealed that outside the bus two of the boys, additional defendants herein, handed out rubber bands to a number of boys on the bus. The battle involved the entire rear of the bus with "paper wads" being projected through the air across the aisles for some twenty minutes with no student as a particular target. There was evidence that when the bus driver boarded the bus he noticed a "spit ball" on the front panel. Even though there was testimony that some of the wads hit up front in the vicinity of the driver, and that the driver himself may have been struck by one

of these missiles, the driver denied knowledge of the actual fight. He said that his attention was diverted to traffic, but that even with such knowledge, he would not have done anything unless he actually saw the paper wads *in flight*.

The appellants argue the trial court erred when it refused to charge on assault and battery. Nowhere in the pleadings can there be found an allegation that the tortious acts of the additional defendants were intentional or done maliciously. In fact, in its third-party complaint, the defendant merely alleges acts of negligence. To introduce a theory of assault and battery at time of trial would have been to start a new cause of action long after the statute of limitations had expired. This is not permissible.[1] *Wilson v. Howard Johnson Restaurant*, 421 Pa. 455, 219 A. 2d 676 (1966); *Solomon v. Luria*, 213 Pa. Superior Ct. 87, 246 A. 2d 435 (1968).

Appellant's final contention is that the jury verdict was inconsistent and against the weight of the evidence since the liability of the student additional defendants

---

[1] It should be noted that even if such a charge had been proper, this would not affect the verdict for the plaintiffs. There can be no dispute that the charge as to the original defendant and the bus driver was fair and proper, and their breach of duty supported by the evidence. The liability of the additional defendants could only affect the rights and liabilities of the defendants *inter se* for contribution or indemnity. Under such circumstances, a new trial could only be granted to fix the liability of the defendants as between themselves. As our Supreme Court said in *Cooper v. Columbia Gas of Pennsylvania, Inc.*, 433 Pa. 179, 185, 248 A. 2d 852 (1969) (citing *Trerotola v. Philadelphia*, 346 Pa. 222, 29 A. 2d 788 (1943): "We think an obvious injustice would be done to this plaintiff if he should not be permitted to hold the verdict he won in a fair trial, against the Gas Company. Having secured a verdict against *one* of two alleged tort-feasors, the plaintiff should not be denied of his judgment because the court believes that the verdict should have been rendered against *both* of the alleged tort-feasors."

was uncontradicted. In reviewing the record, there is certainly ample evidence to support a finding that the defendant bus company and bus drivers were liable for failure to supervise the minor passengers, and to recognize and stop a situation which could foreseeably result in personal injury to one of the passengers. Furthermore, it is undisputed that the minor plaintiff suffered injury as a result of being struck by one of the "spit balls". While the appellants could not pinpoint which of the boys caused the actual injury, this does not absolve the student additional defendants of liability. It was foreseeable that from their combined acts someone might get injured. The burden of identifying the boy who caused the injury should not be on the bus company but should be "upon each such actor to prove that he has not caused the harm." *Snoparsky v. Baer*, 439 Pa. 140, 144, 266 A. 2d 707 (1970). If the defendants are unable to identify the one causing the harm, they are all liable as joint tortfeasors. Restatement of Torts (2d) §433B. The liability of the defendant bus company was predicated on its contractual obligation to the passengers and, while failure to supervise may not have been merely a passive negligence, as contended by the appellants, it was at most a concurrent cause of plaintiff's injury. The additional defendants, who were after all the perpetrators of the accident, should not have been relieved of their responsibility nor their blame in causing the harm to the plaintiff.

The judgment in favor of the plaintiffs is affirmed. The case is remanded for a new trial, however, to determine the appellants' right to either indemnification or contribution from the student additional defendants.[2]

---

[2] The entire case should not be retried, as such a ruling would be unfair to the plaintiffs who have suffered the personal loss and who were successful in establishing their right of recovery in a jury trial. See discussion, *supra* at footnote 1.