556 A.2d 448

**William Paul McNAMARA, Jr. by his Guardian, Mildred McNamara, and Mildred McNAMARA, in her Own Right, Appellant,**

v.

**SCHLEIFER AMBULANCE SERVICE, INC., a Pennsylvania Corporation and Braddock General Hospital, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1988.

Filed March 31, 1989.

Reargument Denied April 26, 1989.

James D. Belliveau, Pittsburgh, for appellant.

Maria Zulick, Philadelphia, for Schleifer Ambulance, appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

This is an appeal from an order granting a motion for summary judgment on the basis of statutory immunity. We reverse.

Appellant suffered a fractured skull when he jumped through rear doors of the moving ambulance that was transporting him from Braddock General Hospital to Woodville State Hospital. He had been seated in a rear seat of the vehicle with his seat belt fastened; another patient, restrained on a stretcher, and an ambulance attendant were also in the rear section of the vehicle. The attendant's deposition testimony was that Appellant had unfastened his seat belt in order to make it possible for the attendant to re-position himself near the other patient who was experiencing some distress. Before the attendant was able to block his efforts, Appellant slid along the side bench seat, unlocked the rear doors and jumped from the ambulance. Appellant was being transferred to Woodville for court-ordered involuntary treatment pursuant to The Mental Health Procedures Act (MHPA), 50 Pa. S.A. § 7304. Section 7304 provides that application for such court-ordered treatment may be made for a person who is severely mentally disabled

and in need of treatment. In order to be subject to treatment under this section, a determination must be made that the patient presents a clear and present danger of serious bodily harm to others, inability to care for himself, creating a danger of death or serious harm to himself, attempted suicide, or self-mutilation.

Appellee/Ambulance Service filed a motion for summary judgment which was granted on the basis of immunity from liability under § 7114 of the MHPA. Appellee argues that the trial court properly granted the motion for summary judgment because one of the conditions which makes it possible to obtain immunity (participating in the decision to reduce the restraints on the person being treated under the MHPA) was satisfied in the present factual setting. Section 7114(a) of the MHPA states:

> In the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician, a peace officer or any authorized person who participates in a decision that a person be examined or treated under this act, or that a person be discharged, or placed under partial hospitalization, outpatient care or leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or other authorized person who denies an application for voluntary treatment or for involuntary emergency examination and treatment, shall not be civilly or criminally liable for such decision or for any of its consequences.

Appellee contends that the ambulance attendants were "authorized persons" who come within the ambit of the statute. We disagree. While there is a dearth of case law on the issue of immunity under § 7114, the cases which we have found, in conjunction with the language of the statute itself, convince us that immunity from liability for an ambulance service was not within the contemplation of the legislature when it enacted § 7114 of the statute.

Section 7102 of the MHPA discusses the policy and purpose of the Act. This policy is to "seek to assure the availability of adequate treatment to persons who are men-

tally ill ..." The purpose of the Act is "to establish procedures whereby this policy can be effected." Section 7103 sets forth the scope of the Act and states that the Act establishes rights and procedures for all involuntary *treatment* and voluntary inpatient *treatment* of mentally ill persons. The same section states that inpatient treatment is that which requires residence in a facility; a facility is a mental health establishment which provides for the *diagnosis, treatment, care* or *rehabilitation* of mentally ill persons.

It is clear from these sections that the legislature contemplated the decision-making process under § 7114 as one which would take place within the context of treatment, care, diagnosis or rehabilitation. It is equally clear that the individuals who would participate in those decisions would be trained in the field of mental health. We reach this conclusion based on § 1922(1) of the Statutory Construction Act, 1 Pa.C.S.A. In ascertaining the intention of the General Assembly in the enactment of a statute, § 1922(1) provides that it may be presumed that an unreasonable result was not intended. To read the MHPA as extending immunity to untrained individuals would be an unreasonable result. This is especially true where the individuals in question have been entrusted with a responsibility traditionally viewed in the law as requiring the highest degree of care. *Sommers v. Hessler*, 227 Pa.Super. 41, 323 A.2d 17 (1974).

At the time of the incident resulting in Appellant's injuries, neither of the ambulance attendants had received any type of medical training, much less training in the care of patients who are under court-ordered involuntary emergency treatment, as was Appellant. Further, and more critical for purposes of determining the applicability of § 7114 immunity, neither was participating in the patient's treatment. If Appellee's position were accepted, the grant of immunity would logically apply to any individual who transported a patient being treated under the MHPA and who decided not to restrain the patient; while it is not conceivable that a taxi-driver would be engaged to transport such a

patient, we see no significant difference between the role of a taxi-driver and that of an untrained ambulance attendant. Neither is within the purview of the legislature in enacting this statute.

We are further persuaded by the manner in which the issue of § 7114 immunity has been treated in previous cases. In *Farago v. Sacred Heart General Hospital*, 365 Pa.Super. 1, 528 A.2d 986 (1987), immunity attached to conduct which the patient alleged was negligent. The entitlement to immunity was based on a determination that the decision to treat the patient in an open ward with few restraints was a "treatment decision." Similarly, in *Werner v. Dept. of Public Welfare*, 109 Pa.Cmwlth 134, 530 A.2d 1004 (1987), § 7114 was found to apply where the defendant was part of the "health care entity." As these cases point out, immunity under § 7114 is granted in the context of treatment decisions made by those within the health care entity; neither condition is met by Appellee.

We find that Appellee was not clothed with immunity under the MHPA; consequently, the grant of Appellee's motion for summary judgment was improper.

Order reversed. Jurisdiction relinquished.