# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roxanne West, p/n/g, on behalf of   :
S.W., an incapacitated person        :
                                :
                                :
            v.              :   No. 1264 C.D. 2022
                                :
Pittsburgh Public Schools; A.J.     :
Myers & Sons, Inc.; John Doe 1;   :
John Doe 2; John Doe 3; John      :
Doe 4; John Doe 5; XYZ          :
Corporation 1; XYZ Corporation 2;  :
XYZ Corporation 3; XYZ        :
Corporation 4; and XYZ         :
Corporation 5 (John Does 1-5 and  :
XYZ Corporations 1-5 are fictitious  :
names)                     :
                                :
Appeal of: The Board of Education  :
of the School District of Pittsburgh,  :
Pennsylvania              :   Argued: June 5, 2024

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MATTHEW S. WOLF, Judge

OPINION BY
JUDGE WOLF                      FILED:    November 6, 2024

        The Board of Education of the School District of Pittsburgh,

Pennsylvania (District) appeals an order of the Court of Common Pleas of Allegheny

County (trial court) dated October 26, 2022, overruling the District's preliminary objection to a complaint filed by Roxanne West (West), the mother and court-appointed guardian of S.W., a 19-year-old student at the District. For the reasons that follow, we reverse.

## Background

This case arises out of the alleged sexual assault of S.W. on October 27, 2021, while she was transported from the Conroy Education Center[1] to her home on a school bus operated by A.J. Myers and Sons, Inc.[2] S.W. is an intellectually disabled student diagnosed with Trisomy 21 (also known as Down Syndrome). Reproduced Record (R.R.) at 8a (Complaint ¶ 8). West's Complaint alleges that on the day in question, S.W. arrived home from school noticeably late and with her clothing in disarray and partially removed. *Id.* at 10a (Complaint ¶ 15). In a subsequent forensic interview conducted by the Children's Advocacy Center of the University of Pittsburgh Medical Center Children's Hospital, S.W. disclosed that she was sexually abused by a substitute bus driver. *Id.* at 12a (Complaint ¶¶ 37-38). West's Complaint sets forth six counts, four of which name the District and are relevant here: (1) Count I – negligence, (2) Count IV – negligent infliction of emotional distress,[3] (3) Count V – assault, and (4) Count VI – battery.[4] *Id.* at 14a-17a, 20a-23a.

The District filed a single preliminary objection demurring to West's Complaint. Therein, the District alleged it is immune from both the negligence and

---

[1] Conroy Education Center is controlled and operated by the District and "provides a range of services to students age 5 thr[ough] 21 who have life skills support, autistic support, and multiple disability support needs." Reproduced Record (R.R.) at 9a (Complaint ¶ 9).

[2] A.J. Myers and Sons, Inc. is not participating in the instant appeal.

[3] Count I and Count III are hereinafter collectively referred to as "negligence claims."

[4] Count V and Count VI are hereinafter collectively referred to as "intentional torts claims."

intentional tort claims pursuant to what is commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act or Act), 42 Pa.C.S. §§ 8541-8542. The District suggested that the only potentially relevant exception to immunity for the negligence claims, commonly referred to as the "sexual abuse exception," makes no exception to immunity for victims over the age of 18 and is therefore inapplicable in this case. *See* 42 Pa.C.S. § 8542(b)(9). Thus, the District asked the trial court to dismiss all of West's claims against it on that basis. By order dated October 26, 2022, the trial court overruled the District's preliminary objection.[5] The District appealed the trial court's order to this Court.[6]

On appeal,[7] the District asserts the trial court erred in concluding it was not entitled to governmental immunity on all claims asserted against it in West's Complaint.

---

[5] In its subsequent Pa.R.A.P. 1925(a) opinion, the trial court stated, in full, as follows:

> 42 Pa.C.S.[] § 8542(b)(9) provides a sexual abuse exception to immunity under the Tort Claims Act if the conduct at issue rises to the level of one of the sexual offenses listed under 42 Pa.C.S.[] § 5551(7). All of the [West's] allegations against the [District] fall within Section 8542(b)(9) and may encompass one or more offenses under Section 5551(7) such as institutional sexual assault under 18 Pa.C.S.[] § 3124.2. The [District's] preliminary objections based on governmental immunity were properly denied.

Trial Court's 1925(a) opinion, filed 2/21/2023.

[6] The trial court's order overruling the District's preliminary objection is immediately appealable to this Court as a collateral order. *See* Pa.R.A.P. 313; *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 374 (Pa. 2021) (adverse orders on the issue of governmental immunity are immediately reviewable as collateral orders because the entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial).

[7] In reviewing a trial court's order sustaining or overruling preliminary objections, our "review is limited to determining whether that court committed an error of law or abused its discretion." *East Lampeter Twp. v. Cnty. of Lancaster*, 696 A.2d 884, 886 (Pa. Cmwlth. 1997). To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery and, **(Footnote continued on next page…)**

3

**Relevant Law**

We begin with a review of governmental immunity. "Generally, local agencies are immune from tort liability under Section 8541 of the Tort Claims Act." *Gillingham v. Cnty. of Delaware*, 154 A.3d 875, 877-78 (Pa. Cmwlth. 2017) (quoting *Gibellino v. Manchester Twp.*, 109 A.3d 336, 341 (Pa. Cmwlth. 2015)). As to intentional torts, this Court has explained:

> It is well[]settled that where a plaintiff has averred willful misconduct[8] on the part of local agency employees, [S]ection 8542(a)(2) of the Tort Claims Act, 42 Pa.C.S. § 8542(a)(2), bars recovery from the local agency because liability may be imposed on a local agency only for negligent acts. *City of Phila.*[] *v. Glim*, [] 613 A.2d 613, 617 ([Pa. Cmwlth.] 1992); *City of Phila.*[] *v. Brown*, [] 618 A.2d 1236, 1238-39 ([Pa. Cmwlth.] 1992). In addition, [S]ection 8550 of the Tort Claims Act, 42 Pa.C.S. § 8550, does not create an exception to [S]ection 8542(a)(2), and, as a result, a local agency may not be held liable for the willful misconduct of its employees. *Glim*, 613 A.2d at 617; *Brown*, 618 A.2d at 1238-39.

*Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014). While local agencies cannot be held liable for intentional torts committed by their employees, a local agency may be liable for damages that are "(1) recoverable under common law or a statute creating a cause of action; (2) caused by the negligent act of the local agency or its employees acting within the scope of their employment; and (3) caused by one of the specific acts enumerated in Section 8542(b) of the Act." *Gillingham*, 154 A.3d at 878; 42 Pa.C.S. § 8542(a). Section 8542(b) enumerates

---

where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain them." *Peerless Publ'ns, Inc. v. Cnty. of Montgomery*, 656 A.2d 547, 550 (Pa. Cmwlth. 1995).

[8] Under Pennsylvania tort law, "willful misconduct" is synonymous with the term "intentional tort." *King v. Breach*, 540 A.2d 976, 981 (Pa. Cmwlth. 1988).

4

nine such acts, each of which function as an exception to a local agency's broad grant of immunity. 42 Pa.C.S. § 8542(b). The sexual abuse exception is the ninth enumerated act. It provides:

> **(b) Acts which may impose liability.--**The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> *(9) Sexual abuse.*--Conduct which constitutes an offense enumerated under [S]ection 5551(7)[ of the Judicial Code, 42 Pa.C.S. § 5551(7),] (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence.

42 Pa.C.S. § 8542(b)(9). Section 5551 of the Judicial Code sets forth a list of crimes that may be prosecuted without regard to a statute of limitations. Subsection (7) provides:

> A prosecution for the following offenses may be commenced at any time:
>
> . . . .
>
> (7) An offense under any of the following provisions of 18 Pa.C.S. (relating to crimes and offenses), or a conspiracy or solicitation to commit an offense under any of the following provisions of 18 Pa.C.S. if the offense results from the conspiracy or solicitation, *if the victim was under 18 years of age at the time of the offense*:
>
> Section 3011(b) (relating to trafficking in individuals).
>
> Section 3012 (relating to involuntary servitude) as it relates to sexual servitude.

5

Section 3121 (relating to rape).

Section 3122.1 (relating to statutory sexual assault).

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3124.1 (relating to sexual assault).

Section 3124.2 (relating to institutional sexual assault).

Section 3125 (relating to aggravated indecent assault).

Section 4302 (relating to incest).

42 Pa.C.S. § 5551(7) (emphasis added).

Because the parties ask this Court to interpret the language of the Tort Claims Act, we also briefly review the principles of statutory construction as set forth in the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. §§ 1501-1991. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921. "The best indication of the General Assembly's intent is the plain language of the statute. When the words of a statute are clear and unambiguous, we may not look beyond the plain meaning of the statute 'under the pretext of pursuing its spirit.'" *Brewington v. City of Phila.*, 199 A.3d 348, 354 (Pa. 2018) (citing 1 Pa.C.S. § 1921(b)). The Statutory Construction Act directs that it is only "when the words of the statute are not explicit" that the intention of the General Assembly may be ascertained by considering various factors, including: (1) the occasion and necessity for the statute; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the objection to be attained; (5) the former law, if any, including other statutes upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and

6

administrative interpretations of such statute. 1 Pa.C.S. § 1921(c). Finally, we note that exceptions to governmental immunity must be narrowly construed. *Brewington*, 199 A.3d at 355.

## Parties' Arguments[9]

### *Intentional Tort Claims*

With this framework in mind, we turn to the parties' arguments on appeal. As to the intentional torts claims, the District argues that the Tort Claims Act shields local agencies from liability for intentional torts, because the Act's exceptions to immunity apply only for "negligent acts," not for intentional acts. *See Orange Stones*, 87 A.3d at 1022. Relatedly, the District argues that it is immune from claims for vicarious liability based on acts committed by either its employees or independent contractors. West responds that although the substitute bus driver committed the intentional torts against S.W., that fact does not automatically preclude a claim of intentional torts against the District. Citing three cases that do not involve governmental immunity,[10] West argues that in certain circumstances the liability of the employer may also extend to intentional or criminal acts committed by an employee. Moreover, she argues that the District had an obligation to vet its staff and contractors for any safety risk posed to students.

### *Negligence Claims*

The District next argues that it is entitled to immunity on the negligence claims. It submits that those claims do not fall within the sexual abuse exception to immunity under the Tort Claims Act because the exception only applies where the

---

[9] The parties' arguments are reordered for ease of disposition.

[10] West's Brief at 13-14 (citing *R.A. by & Through N.A. v. First Church of Christ*, 748 A.2d 692, 699 (Pa. Super. 2000); *Valles v. Albert Einstein Med. Ctr.*, 805 A.2d 1232 (Pa. 2002); *Orr v. William J. Burns Int'l Detective Agency*, 12 A.2d 25 (Pa. 1940)). None of these cases involve a local agency or the Tort Claims Act.

victim was under 18 years of age at the time of the alleged offense. Because S.W. was 19 years old at the time of the conduct alleged here, the sexual abuse exception is inapplicable. During oral argument, the District emphasized that its reading of the sexual abuse exception is on all fours with this Court's recent *en banc* decision in *City of Philadelphia v. J.S.* (Pa. Cmwlth., No. 1272 C.D. 2021, filed December 21, 2023) (unreported) (*en banc*), *appeal granted*, 316 A.3d 619 (Pa. 2024) (*J.S.*), where this Court held that the sexual abuse exception to governmental immunity only applies where the victim was under age 18 at the time of the alleged conduct. The District argues *J.S.*, which was handed down after briefs were submitted in the instant matter, forecloses West's contention that the sexual abuse exception defeats the District's immunity on the negligence claims.

West acknowledges this Court's recent holding in *J.S.*, but maintains this case contains distinguishing features, namely that S.W. is diagnosed with Down Syndrome, which renders her an "incapacitated person" under Chapter 55 of the Probate, Estates and Fiduciaries Code, relating to incapacitated persons. *See* 20 Pa.C.S. § 5501 (defining "incapacitated person" as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that he is partially or totally unable to manage his financial resources or to meet essential requirements for his physical health and safety"). Thus, West argues, S.W. cannot be considered an adult and even if an age limitation is read into the sexual abuse exception, it should not apply here based on the unique facts of this case. West also advances a broader public policy argument, averring that a strict reading of an 18-year-old age limitation into the sexual abuse exception is not reflective of the General Assembly's intent to protect school-age children from sexual abuse. She posits that disabled and non-disabled students alike

8

regularly reach the age of 18 while still enrolled in Commonwealth high schools, and "the placement of an age limitation on the sexual abuse immunity exception would impose a result that is not just peculiar or harsh. It would be manifestly unjust, and would remove the incentive for schools to protect students over 18 years of age as compared to their minor classmates. This cannot and should not be the rule in our Commonwealth." West's Brief at 15.

## Discussion

### *Intentional Tort Claims*

As set forth in *Orange Stones*, the law is settled that "where a plaintiff has averred willful misconduct on the part of local agency employees, [S]ection 8542(a)(2) of the Tort Claims Act, 42 Pa.C.S. § 8542(a)(2), bars recovery from the local agency because liability may be imposed on a local agency only for negligent acts." 87 A.3d at 1022. Here, West brought claims of assault and battery against, *inter alia*, the District, on a theory of vicarious liability. The District is immune from these intentional tort claims under the Act, and the trial court erred in concluding otherwise.[11] *Id.*

### *Negligence Claims*

Turning to the negligence claims asserted against the District, we find this Court's *en banc* decision in *J.S.* dispositive. In *J.S.*, a prisoner filed a complaint against the City of Philadelphia and various employees of the Philadelphia Department of Prisons alleging he was sexually assaulted in his holding cell. The prisoner's complaint sought, *inter alia*, damages from the City pursuant to the sexual abuse exception of the Tort Claims Act insofar as the prisoner was sexually assaulted by agents of the City working in their official capacities. The City filed a preliminary

---

[11] Based on this disposition, we do not determine whether the substitute bus driver was an employee or independent contractor of the District.

objection arguing that the prisoner could not invoke the sexual abuse exception because it is limited to plaintiffs who were under age 18 at the time of the assault. The trial court overruled the City's preliminary objection, and, on appeal, this Court reversed. We explained that "[b]y its plain terms, Section 8542(b)(9) of the Tort Claims Act specifically incorporates the provisions of Section 5551(7) of the Judicial Code and, by its plain terms, Section 5551(7) is specifically limited to crimes involving a "'victim [who] was under eighteen years of age at the time of the offense.'" *J.S.*, slip op. at 8 (citing 42 Pa.C.S. § 5551(7)). In so holding, the *J.S.* Court also relied on, for persuasive value, our unreported decision in *Caldwell v. Department of Corrections* (Pa. Cmwlth., No. 365 C.D. 2020, filed March 31, 2021), *appeal denied*, 271 A.3d 1284 (Pa. 2022), where we interpreted the identical sexual abuse exception found in the Sovereign Immunity Act to also only when the victim is under 18. *See Caldwell*, slip op. at 12; 42 Pa.C.S. § 8522(b)(10).

We find no reason to depart from *J.S.*'s well-reasoned analysis. While we are sympathetic to West's situation and arguments as to why S.W. should benefit from the sexual abuse exception, we are constrained by the plain language chosen by the legislature and are not permitted to look beyond that plain language under the "pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Having concluded that the words of the sexual abuse exception are explicit, *see J.S.*, we decline to further address the parties' various policy arguments concerning the circumstances under which the sexual abuse exception was enacted, or the object which the legislature sought to attain in so enacting. 1 Pa.C.S. § 1921(c) (reserving the consideration of such factors for statutes that are not explicit). Accordingly, we find that the trial court also erred in overruling the District's preliminary objection demurring to the negligence claims.

## Conclusion

For the reasons set forth above, the trial court's order is reversed, and the matter is remanded to the trial court to sustain the District's preliminary objection and dismiss the intentional tort claims (Counts V and VI) and negligence claims (Counts I and IV) against the District.

_____

MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roxanne West, p/n/g, on behalf of     :
S.W., an incapacitated person     :
    :
    :
    :
    v.     :    No. 1264 C.D. 2022
    :
    :
Pittsburgh Public Schools; A.J.     :
Myers & Sons, Inc.; John Doe 1;     :
John Doe 2; John Doe 3; John     :
Doe 4; John Doe 5; XYZ     :
Corporation 1; XYZ Corporation 2;     :
XYZ Corporation 3; XYZ     :
Corporation 4; and XYZ     :
Corporation 5 (John Does 1-5 and     :
XYZ Corporations 1-5 are fictitious     :
names)     :
    :
    :
Appeal of: The Board of Education     :
of the School District of Pittsburgh,     :
Pennsylvania     :

# O R D E R

AND NOW, this 6th day of November 2024, the order of the Court of Common Pleas of Allegheny County (trial court) dated October 26, 2022, is REVERSED, and the matter is REMANDED to the trial court for proceedings consistent with the attached opinion.

Jurisdiction relinquished.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roxanne West, p/n/g, on behalf of : \
S.W., an incapacitated person : \
            : \
       v.          :    No. 1264 C.D. 2022 \
            : \
Pittsburgh Public Schools; A.J. Myers & :    Argued: June 5, 2024 \
Sons, Inc.; John Doe 1; John Doe 2; : \
John Doe 3; John Doe 4; John Doe 5; : \
XYZ Corporation 1; XYZ Corporation 2; : \
XYZ Corporation 3; XYZ Corporation 4; : \
and XYZ Corporation 5 (John Does 1-5 : \
and XYZ Corporations 1-5 are fictitious : \
names) : \
            : \
Appeal of: The Board of Education : \
of the School District of Pittsburgh, : \
Pennsylvania : 

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge \
                 HONORABLE ANNE E. COVEY, Judge \
                 HONORABLE MICHAEL H. WOJCIK, Judge \
                 HONORABLE ELLEN CEISLER, Judge \
                 HONORABLE LORI A. DUMAS, Judge \
                 HONORABLE STACY WALLACE, Judge \
                 HONORABLE MATTHEW S. WOLF, Judge

CONCURRING OPINION \
BY JUDGE McCULLOUGH                  FILED: November 6, 2024

       The Pennsylvania Constitution requires that a school system provide for the needs of the Commonwealth.[1] At the very least, a school setting should be a

---

[1] The Pennsylvania Constitution mandates:

**(Footnote continued on next page…)**

safe place for all students. *See, e.g.*, *Sommers v. Hessler*, 323 A.2d 17, 19 (Pa. Super 1974) (holding that "those who carry children to and from school" have "accepted a grave responsibility . . . and in discharge of this duty [are] **bound to exercise the highest practical degree of care**") (emphasis added) (quoting *Vogel v. Stupi,* 53 A.2d 542, 545 (Pa. 1947)); *S.E.N. v. Department of Education (Professional Standards & Practices Commission)*, __ A.3d __, (Pa. Cmwlth. No. 651 C.D. 2023, filed August 28, 2024), slip op. at 4, 2024 WL 3957650) ("Every educator in this Commonwealth has a duty to **protect students from harm.**") (emphasis added); *Commonwealth v. Harvey* (Pa. Super., No. 1003 MDA 2021, filed March 31, 2022), slip op. at 3 (unpublished)[2] (holding that school bus driver who crashed while intoxicated should receive a sentence in the aggravated range because he "violated his responsibility and duty of care for thirteen children under his supervision at the time of the offense when he was a school bus driver"). While I am constrained to join the majority, I write separately to express my grave concern with the result in these circumstances.

This case reveals a glaring and inequitable oversight in the Political Subdivision Tort Claims Act (Tort Claims Act). There is a serious allegation here of sexual assault suffered by S.W., a 19-year-old intellectually disabled student, diagnosed with Trisomy 21 (Down Syndrome) by the driver of a school bus operated by A.J. Myers and Sons, Inc. while she was transported from the Conroy Education Center to her home. (Original Record (O.R.) at 28.) The Conroy Education Center

---

> The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public education to *serve the needs of the Commonwealth*.

Pa. Const. art. III, § 14 (emphasis added).

[2] Unpublished decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b)(1).

is controlled and operated by the Pittsburgh Public School District, Appellant here. *Id.* Conroy is specifically designed for students with intellectual disabilities and claims that it provides a "range of services to students ages 5 through 21 who have life skills support, autistic support, and multiple disability support needs." (O.R. at 29.)

On the date in question, as alleged, S.W. was picked up by her normal bus driver but brought home by a substitute driver S.W. had never before seen. When she exited the bus, she appeared disheveled, with her clothing partially removed, and only a bra under her jacket, with her pants slung low around her pelvic area. S.W.'s mother found her shirt in the bottom of her school bag. (O.R. at 30.) When asked by her mother what had happened, S.W. could not articulate what had happened and began to cry. In a later forensic interview conducted by a Children's Advocacy Center, S.W. disclosed that she was sexually abused by her substitute bus driver. (O.R. at 32.) Despite the occurrence of this horrendous act to a public school student while being transported on a school bus, it appears the legislature has excluded S.W. from recovery due solely to her age.

In light of the apparent oversight by the legislature in drafting this legislation, I urge the General Assembly to revisit the sexual abuse exception to the Tort Claims Act. While it might prove difficult to carve out an easily measurable standard for various intellectual or other disabilities in a case not as clear as the one at hand, the General Assembly could at least consider including within the sexual abuse exception to tort liability the sexual assault of a victim who was enrolled as a student in a program of study at a school at any level between Pre-Kindergarten and Grade 12. This case clearly reflects the injustice that can occur under the present language and is an example of why I believe that such an amendment is critical.

Generally, local agencies, including school districts, are immune from tort liability under Section 8541 of the Tort Claims Act, 42 Pa.C.S. § 8541. Section

PAM - 3

8542(b)(9) of the Tort Claims Act, however, provides a sexual abuse exception to immunity under the Act if the conduct at issue rises to the level of one of the sexual offenses listed under 42 Pa.C.S. § 5551(7). Section 5551(7) of the Judicial Code, in turn, lists sexual crimes for which the local agency is denied immunity from tort liability "*if the victim was under 18 years of age at the time of the offense.*" (Emphasis added.) Despite the horrendous circumstances alleged in this case, and particularly in light of S.W.'s intellectual incapacity, we are nevertheless constrained by the statute to deny recovery to S.W., who clearly is worthy of being protected against sexual assaults.

The mother of S.W. makes additional compelling arguments highlighting the inequities of this situation. S.W. is just over 18 years of age, but under Pennsylvania law, she is considered an incapacitated person under 20 Pa.C.S. § 5501. *Id.* at 8. Section 5501 provides:

> "Incapacitated person" means an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that he is partially or totally unable to manage his financial resources or to meet essential requirement for his physical health and safety.

20 Pa.C.S. § 5501.

Pennsylvania law provides that individuals 18 years of age and older have the right to enter into contracts and to sue and be sued, "and the defense of minority shall not be available to such individuals." 23 Pa.C.S. § 5101 (a), (b). On the other hand, while legally competent to make contracts, it is clear that intellectually impaired or incapacitated persons do not always have the same ability to manage their affairs as do other adults with full capacity. In particular, I note that Section 5501 mentions that incapacitated persons may lack the ability to meet essential requirements for their own physical health and safety. This case illustrates that by drawing a bright line at the age of 18, the legislature has failed to provide a

workable standard for allowing recovery by victims for whom such an exception from immunity may be the most appropriate.

The School District argues that a proposed amendment to House Bill 962 sought to make the sexual abuse exception to immunity apply to the same offenses (those listed in Section 5551(7)), which did not limit recovery to those 18 or under, but that it did not pass the General Assembly. *See* Appellant's Br. at 15-16. This attempted amendment, however, suggests at least some level of concern on the part of lawmakers regarding the arbitrariness of a rule limiting recovery to sexual abuse cases where the school victim of abuse is under the age of 18; but eliminating ANY restriction on who may recover for sexual abuse, as the proposed amendment attempted to do, is not the only possible option for making the law more protective of individuals such as S.W. A more logical limitation on the right to recover in tort for sexual abuse is to limit recovery to (1) victims who are under the age of 18 when the abuse occurs, or (2) who are enrolled in school in a Pre-Kindergarten through Grade 12 program.

There is precedent for finding that a young person who is the victim of sexual assault which occurs within a school setting is worthy of protection. An example of such legal protection can be found in 18 Pa.C.S. § 3123.2(a.2), which makes it a crime for a person associated with a school to sexually abuse a student of the school. In the context of this statute, "School" is defined as a public or private school, intermediate unit, or area vocational school. *See* 18 Pa.C.S. § 3124.2(a.2)(2)(iii).

I also note that our Supreme Court granted allocatur in the Commonwealth Court case that was relied upon by the majority herein. That case is *City of Philadelphia v. J.S.* (Pa. Cmwlth., No. 1272 C.D. 2021, filed December

21, 2023) (unreported) (en banc), *appeal granted*, 316 A.3d 619 (Pa. 2024). The issue being considered by the Supreme Court is "[w]hether the Commonwealth Court incorrectly concluded that the [s]exual [a]buse [e]xception to the . . . Tort Claims Act (42 Pa.C.S. § 8542(b)(9)) is only applicable to plaintiffs who were minors at the time they were victimized."[3]

In the interim, I strongly urge the members of the General Assembly to consider amending the statutes at issue here to provide a similar exemption from sovereign immunity for recovery for any primary or secondary school that fails to protect a student from being sexually abused.

_____
PATRICIA A. McCULLOUGH, Judge

---

[3] The argument raised is one of statutory construction. As noted above, interpreting the sexual abuse exception involves reading Section 8542(b)(9) of the Tort Claims Act *in pari materia* with Section 5551(7) of the Judicial Code, which it cross-references. The appellants in *City of Philadelphia* argued that the focus should be on the word *conduct* in Section 8542(b)(9). According to the petition for allocatur:

> The critical term here in Section 8542(b)(9) is the word **conduct**. Section 8542(b)(9) waives immunity for **conduct** that constitutes one of nine (9) separate criminal offenses that are enumerated in 42 Pa.C.S. § 5551(7). The term **conduct** is key. The Crimes Code defines the word "**conduct**" as "[a]n action or omission and its accompanying state of mind, or, where relevant, a series of acts or omissions." 18 Pa.C.S. § 103. Thus, "**conduct**" as that term is used in the Crimes Code has nothing to do with the age of the alleged victim. Nor does "**conduct**" concern facts implicating the statute of limitations or the age of the alleged victim. Thus, a plain reading of Section 8542(b)(9) leads to one and only one conclusion: whether the waiver of sovereign immunity applies depends on whether the action(s) or omission(s) of the actor and his or her accompanying state of mind amount to one of the nine offenses enumerated in Section 5551(7). If the answer is yes, then sovereign immunity is in applicable. (Emphasis in original.)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roxanne West, p/n/g, on behalf of    :
S.W., an incapacitated person     :
                                      :
             v.                   : No.  1264 C.D. 2022
                                      : Argued:  June 5, 2024
Pittsburgh Public Schools; A.J.     :
Myers & Sons, Inc.; John Doe 1;   :
John Doe 2; John Doe 3; John     :
Doe 4; John Doe 5; XYZ          :
Corporation 1; XYZ Corporation 2;  :
XYZ Corporation 3; XYZ        :
Corporation 4; and XYZ Corporation 5  :
(John Does 1-5 and XYZ Corporations :
1-5 are fictitious names)       :
                                      :
Appeal of: The Board of Education   :
of the School District of Pittsburgh,  :
Pennsylvania                  :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MATTHEW S. WOLF, Judge


CONCURRING OPINION
BY JUDGE WALLACE                        FILED:  November 6, 2024


      Due to the current state of immunity law in Pennsylvania, I am reluctantly constrained to concur with the Majority.  While I agree the Majority has properly

applied the law in this case, I write separately because I question the practical result of this legislation and even the proposed legislation, discussed *infra*, which is brought to light by the regrettable facts of this matter.

The general rule regarding governmental immunity is found in Section 8541 of the Judicial Code, which states: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. Thus, this general rule favors governmental immunity, subject only to exceptions outlined by the legislature. Our legislature, in reaction to "the hidden epidemic of childhood sexual abuse" such as the "grand jury reports from the Philadelphia Archdiocese, the conviction of Jerry Sandusky and Monsignor Lynn on the same day in 2012, the Solesbury School grand jury report, the Boy Scouts 'perversion files,' the 2016 Altoona-Johnstown Diocese grand jury investigation of the six remaining Catholic dioceses by our Attorney General" and the "extent of the abuse and cover up that has plagued our State[,]" *see* Legislative Journal – House, April 10, 2019, p. 510, enacted Section 8542(b)(9) of the Judicial Code. Section 8542(b)(9) of the Judicial Code provides the following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

> Sexual abuse.--Conduct which constitutes an offense enumerated under [S]ection 5551(7) [of the Judicial Code] (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence.

42 Pa.C.S. § 8542(b)(9). Section 5551(7) of the Judicial Code provides:

> [A]ny offense under any of the following provisions of 18 Pa.C.S. (relating to crimes and offenses) . . . **if the victim was under 18 years of age at the time of the offense**:

. . . .

> Section 3121 (relating to rape).
> Section 3122.1 (relating to statutory sexual assault).
> Section 3123 (relating to involuntary deviate sexual intercourse).
> Section 3124.1 (relating to sexual assault).
> Section 3124.2 (relating to institutional sexual assault).
> Section 3125 (relating to aggravated indecent assault).

42 Pa.C.S. § 5551(7) (emphasis added).

The purpose of this litigation is clearly, to my mind, to protect society's most vulnerable members and to provide victims an opportunity to pursue justice in court against public entities complacent in enabling or covering up sexual abuse. Here, the pertinent facts alleged in the Complaint are as follows. S.W., a 19-year-old intellectually disabled student with Trisomy 21 (also known as Down syndrome), attended Conroy Education Center, which is a school controlled and operated by the School District of Pittsburgh, Pennsylvania. Reproduced Record (R.R.) at 8a-9a. Conroy Education Center "provides a range of services to students ages 5 [through] 21 who have life skills support, autistic support, and multiple disability support needs." *Id.* at 9a. On October 27, 2021, while S.W. rode home from school on a school bus, the school bus driver sexually abused her. *Id.* at 9a-12a.

It seems plain to me this legislation is intended to address exactly the type of regrettable situation we find here. As Roxanne West (West) argues in her brief,[1] S.W. is an "incapacitated person" and "completely dependent on others for care in the daily activities of her life." West's Br. at 10. Certainly, it seems S.W. is the type of vulnerable victim who should be afforded the protections of Section 8542(b)(9) of the Judicial Code. However, Section 5551(7) of the Judicial Code enumerates the

---

[1] West is S.W.'s mother and court-appointed guardian. R.R. at 7a.

listed offenses only wherein the victim was under 18 years of age at the time the sexual abuse occurred. *See* 42 Pa.C.S. § 5551(7).

In her brief, West suggests this Court should consider why the "specific age of (18) was chosen." West's Br. at 12. She argues 18 is the age of majority in Pennsylvania and cites to our statute addressing "attainment of full age," which provides individuals 18 years of age and older have the right to enter into contracts and to sue and be sued, and have no right to assert the defense of minority. *See* 23 Pa.C.S. § 5101; West's Br. at 12. West notes "incapacitated individuals," such as S.W., do not have the ability to enter into contracts or sue and be sued. *Id.* She contends while "S.W. was [19] years old at the time of the assault," she "cannot be considered an 'adult.'" *Id.* at 10.

It is clear from the legislative journals that our legislature expressly considered the epidemic of "childhood" sexual abuse. *See* Legislative Journal – House, April 10, 2019, p. 510. In drafting this exception, our legislature chose the specific age of 18. I agree with West's argument that this 18-year-old age limitation in the sexual abuse exception is not reflective of an intent to protect all school-age children from sexual abuse. This is especially true given the Commonwealth's public schools serve students up to 21 years of age.[2] *See* Section 1301 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, No. 14, art. XIII, *amended* by the Act of June 29, 2002, P.L. 524, No. 88, § 10, 24 P.S. § 13-1301.

---

[2] Earlier this year, this Court *en banc*, in its original jurisdiction, held that the Department of Education's attempt to extend the age of a student receiving special education services until the student's 22nd birthday was an unlawful regulation. *See Pa. Sch. Bds. Ass'n, Inc. v. Mumin*, 317 A.3d 1077 (Pa. Cmwlth. 2024). However, the Department has appealed by right to the Pennsylvania Supreme Court, and this question remains unresolved. *See Pa. Sch. Bds. Ass'n, Inc. v. Mumin* (Pa., No. 39 MAP 2024). Nevertheless, for purposes of this writing, I will treat the maximum age of receiving education as 21.

Nevertheless, as the Majority notes, this Court is "constrained by the plain language chosen by the legislature" and we are "not permitted to look beyond that plain language [of the law] under the 'pretext of pursuing its spirit.' 1 Pa.C.S. § 1921(b)." *West v. Pitts. Pub. Schs.*, ___ A.3d ___ (Pa. Cmwlth., No. 1264 C.D. 2024, filed Nov. 6, 2024), slip op. at 10. Here, the legislature chose the specific age of 18. It did not choose the term "adulthood" or "childhood," which arguably would have been more ambiguous and susceptible to West's argument that while S.W. was over the age of 18, she does not have the capacity to be treated as though she is an "adult." Certainly, our legislature knows how to use specified ages and how to carve out exceptions that differentiate between "children" and disabled individuals, which our legislature has done in other areas of the law. For example, turning to Section 3121 of the Crimes Code, which addresses rape, Section 3121(c) of the Crimes Code provides: "Rape of a child.--A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c). Meanwhile, Section 3121(a)(5) of the Crimes Code provides: "A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant: . . . (5) Who suffers from a mental disability which renders the complainant incapable of consent." 18 Pa.C.S. § 3121(a)(5). Furthermore, if the legislature intended this exception to apply to all students, it could have used the term "student" like it did in Section 3124.2(a.2) pertaining to institutional sexual assault. Section 3124.2(a.2)(1) provides:

> A person who is a volunteer or an employee of a school or any other person who has direct contact with a student at a school commits a felony of the third degree when he engages in sexual intercourse, deviate sexual intercourse or indecent contact with a **student** of the school.

18 Pa.C.S. § 3124.2(a.2)(1) (emphasis added).

This is further demonstrated by the currently proposed legislation in House Bill No. 1614 of 2023, which would amend Section 5551 of the Judicial Code's enumerated exceptions. The proposed legislation would add Section 5551(a)(8) to the Judicial Code, which would include:

> An offense under any of the following provisions of 18 Pa.C.S., or a conspiracy or solicitation to commit an offense under any of the following provisions of 18 Pa.C.S. if the offense results from the conspiracy or solicitation, **if the victim is a nonverbal care-dependent person** at the time of the offense.

House Bill No. 1614 of 2023 (emphasis added).[3] This section goes on to list numerous criminal offenses, including offenses related to sexual abuse. *Id.* A "nonverbal care-dependent person" under this section is

---

[3] While I recognize the importance of governmental immunity and that the legislature already carved out the sexual abuse exception, which is laudable, I would be remiss if I did not point out that the proposed legislation already forecasts future litigation. The law currently allows for students to receive public education to age 21, maybe age 22, *see* footnote 2 *supra*. It appears the legislature has plans to include disabled individuals (nonverbal care-dependent persons) who are in school but have reached age 18 for purposes of the sexual abuse exception. A gap remains, however, about what happens to those students who are ages 18 to 21 who may not fall under the proposed definition of "nonverbal care-dependent person." It is certainly the legislative body's prerogative of whether it wants students of age 18 to 21 to be treated the same for immunity purposes, but I ask the legislature to consider addressing this gap head on. The bill, if it becomes law, will inevitably put this Court in the position of trying to determine whether it was the legislature's intent to not also cover students ages 18 to 21 who do not meet the definition of "nonverbal care-dependent person." A logical conclusion would be that the legislature intends for them to not fall within the sexual abuse exception because the legislature went out of its way to amend the law to include and define "nonverbal care-dependent person(s)." We would say, "if it wanted to include all students, it could have said so." I could also see how the Court would be faced with needing to interpret the statute in a manner that would not violate the Constitution. Is there a reason that two classmates, one who turned 18 at the beginning of her senior year and one who was still only 17, should be treated differently, i.e., not "equally" for purposes of falling within
**(Footnote continued on next page…)**

> an individual who is 18 years of age or older who, due to physical or cognitive disability or impairment, requires assistance to meet the individual's needs for food, shelter, clothing, personal care or health care and has significantly subaverage general intellectual functioning that is accompanied by significant limitations in the adaptive function of communication.

*Id.* This proposed legislation illustrates that the legislature is aware students who are over age 18, but care-dependent, such as S.W., are not currently entitled to the Section 8542(b)(9) and Section 5551(7) of the Judicial Code's exceptions to governmental immunity. The fact that this section is being proposed separately adds credence to the notion that such individuals, when over the age of 18, are not entitled to the immunity exception in Sections 8542(b)(9) and 5551(7) of the Judicial Code.

It is only when the words of a statute are not "explicit" that we may turn to the General Assembly's intention and consider other matters such as the circumstances under which the law was enacted, the wrong to be remedied, the object to be attained, or the consequences of a particular interpretation. *See*

---

the sexual abuse exception? These students, simply by turning 18, lose any possible entitlement to the benefit of the exception should they be subject to sexual abuse during their remaining time in the public schools. While I commend our legislature for recognizing the need to further extend the sexual abuse exception, my concern remains that not all the Commonwealth's public school students would be entitled to the benefit of this exception. Many of the students in our public schools are over the age of 18, including a portion of our high school seniors who turn 18 during their final school year. For others, they may be over 18 and not have advanced because of personal challenges, yet do not meet the definition of "nonverbal care-dependent person." For instance, consider a student who faces family trauma, perhaps loses both parents to a car accident, and he gets held back for one grade such that he is 19 his senior year. Are the newly minted 18-year-old and the held-back 19-year-old not also vulnerable and worthy of falling within the sexual abuse immunity exception? While the result of this case is tragic for S.W. and her loved ones, I do credit the legislature for creating this exception in the first place and for responding to the public need in the wake of sexual abuse that has been brought to light. I also acknowledge that in writing laws, it is impossible at times to see the gaps in the law until life applies. It is for this reason that I humbly raise these points and recognize that the legislative branch not the judicial branch ultimately determines policies.

1 Pa.C.S. § 1921. Indeed, consideration of these factors would lead me to conclude that a victim, such as S.W. here, should receive the protections afforded by Sections 8542(b)(9) and 5551(7) of the Judicial Code. However, I recognize that we are bound by the clear and express language of Sections 8542(b)(9) and 5551(7) of the Judicial Code. Section 8542(b)(9) of the Judicial Code clearly provides its exception is applicable only to the offenses enumerated in Section 5551(7) of the Judicial Code, and this section limits those enumerated offenses to crimes involving victims who were under the age of 18 at the time of the offenses. As the Pennsylvania Supreme Court noted in *Winston v. Moore*, 91 A. 520 (Pa. 1914),

> if it were our duty to make the law, no doubt some of its provisions would be written differently; but we cannot declare an act void because in some respects it may not meet the approval of our judgment, or because there may be difference of opinion as to its wisdom upon grounds of public policy. Questions of this character are for the Legislature and not for the courts.

*Id.* at 525. Accordingly, I must concur with the result reached by the Majority.

_____
STACY WALLACE, Judge